```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**RICARDO K. GONZALES,**

                **Petitioner,**

     v.                           **CASE NO. 04-3453-RDR**

**THE JUDGE ADVOCATE GENERAL OF
THE UNITED STATES,**

                **Respondent.**

### O R D E R

Petitioner, a prisoner incarcerated in the United States Disciplinary Barracks in Fort Leavenworth, Kansas, proceeds pro se on a supplemented petition for writ of habeas corpus under 28 U.S.C. 2241. By an order dated December 29, 2004, the court dismissed the petition without prejudice.

In response, petitioner filed a motion for reconsideration (Doc. 8), indicating the court erroneously considered a military court opinion attached to petitioner's habeas application as an opinion entered in petitioner's military appeal. Petitioner also filed a notice of appeal from the final order and judgment entered in this case on December 29, 2004. On April 4, 2005, the Tenth Circuit Court of Appeals dismissed the appeal as untimely filed, and on April 21, 2005, denied petitioner's request for rehearing.

Having reviewed the record, the court finds merit in petitioner's allegation of error in the December 29, 2004, order

entered by this court.  In dismissing petitioner's 2241 application as premature, the court cited a decision by the United States Army Court of Criminal Appeals wherein that court found all material submitted in a clemency petition had not been considered, set aside the action of the convening authority, and returned the matter to the Judge Advocate General for a new post-trial recommendation and action by the same or a different convening authority.  However, that cited decision was entered in United States v. DeBiase,[1] and not in petitioner's military appellate proceeding.  Petitioner attached the DeBiase decision as support for his argument that he was entitled to similar relief.

However, notwithstanding this error in the court's reading of the record, the court remains convinced that petitioner has demonstrated no persuasive or compelling reason for this courts' intervention in the military court's review of petitioner's allegations of error.  The military courts are fully capable of determining, as in DeBiase, whether to send an action back for a new post-trial recommendation by a convening authority.  Its decision not to do so in petitioner's case provides no basis for granting petitioner relief under 28 U.S.C. 2241.

Accordingly, the order entered on December 29, 2004, is hereby modified to correct the error identified by petitioner and

---

[1] *See* Memorandum and Order entered July 23, 2004 in United States v. DeBiase, Army Court of Criminal Appeals, Case No. Army 20020095.

recognized herein by the court, but petitioner's motion for reconsideration is otherwise denied because no modification of the court's dismissal of the petition without prejudice, or of the denial of all relief requested by petitioner, is warranted.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (Doc. 8) is denied.  Petitioner's motion for review (Doc. 10) is denied as moot.

DATED:  This 20th day of June 2005, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge